NOT FOR PUBLICATION OR CITATION

Eastern District of Kentucky
FILED
JAN 19 2006
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-CV-396-DLB

RAYMOND TAYLOR                                                                    PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                                DEFENDANT

Raymond Taylor, an individual currently confined in the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed a *pro se* complaint, claiming the jurisdiction of this Court under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, *et. seq.* He has also submitted a motion to proceed *in forma pauperis*, which will be granted by separate Order.

The complaint is now before the Court for initial screening. 28 U.S.C. §1915A; 28 U.S.C. §1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

## CLAIMS

The plaintiff seeks injunctive relief and damages for the "negligent actions" of a case manager at the prison.

## FACTUAL ALLEGATIONS

The following is a summary or construction of the plaintiff's factual allegations as contained in his handwritten complaint and two attached documents.

Plaintiff Taylor is in the custody of the Federal Bureau of Prisons ("BOP"). He alleges that on June 13, 2005, a prison case manager, Michael Bowling, wrote a disciplinary incident report, Number 1351370, charging the plaintiff with insolence toward a staff member. The attached copy

of the report shows that the charge was based on his writing an offensive letter, in which the plaintiff twice called Mr. Bowling a "racist" animal. The plaintiff did not deny having written the letter, but in fact, confessed that "I wrote the letter only because I was denied my right to a legal call." On June 20, 2005, a prison committee found Taylor guilty of the offense charged and sanctioned him with 30 days of commissary restrictions and "loss of job (job change)."

The plaintiff alleges that he immediately appealed the committee's decision to the warden, Administrative Remedy Number 380203. A few days later, however, on June 23, 2005, Bowling came to the plaintiff's cell, took him to a another area, and angrily handed him the appeal document and two other requests which the plaintiff had written to the warden. The case manager purportedly stated that the warden had asked him to respond to them by June 28th.

The plaintiff claims that the case manager, aware of the contents of his psychological file and knowing that the plaintiff was already sensitive to certain documents and evaluations therein, threatened to classify him as a sex offender in his central file. The prisoner-plaintiff claims that he was thereby coerced into dropping the appeal and the other two matters.

According to the plaintiff, a similar incident occurred in October of 2005 with regard to another Administrative Remedy, Number 354596, Bowling again confronting him with the appeal form and threatening the plaintiff in order to get him to withdraw it. This time, however, the plaintiff reported Bowling's actions to the Case Manager Coordinator, a Mr. Legg, and to Associate Warden Malloy. Malloy purportedly called Bowling and Bowling stopped harassing the plaintiff about Remedy Number 354596.

The plaintiff states that it is a violation of BOP policy for the person who has written an incident report to have any part in the disciplinary process which follows. Plaintiff Taylor claims

2

that Bowling, therefore, should not have had the document appealing the committee's disciplinary decision; his possession made it possible for him to commit the coercion.

The other document attached to the complaint is a copy of the November 18, 2005 response of the BOP to the plaintiff's FTCA administrative claim, which shows that he had sought $4,000.00 and reinstatement of the appeal of incident report #1351370. The FTCA claim was denied on the ground that "[t]here is no evidence to indicate that any negligent act or omission on the part of the Bureau of Prisons' employee was a factor in any loss you may have incurred."

Two months later, the plaintiff filed the instant cause of action, claiming that he suffered mental anguish from the violation of BOP procedures and requesting "that he be awarded the amount of $4,000.00 for the negligent acts committed by government employees." He also seeks to have the June appeal, Remedy Number 380203, reinstated.

## DISCUSSION

In the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 §§801-810 (effective April 26, 1996), the United States Congress greatly changed prisoner cases in several respects. One provision amended the former 42 U.S.C. §1997e, with regard to lawsuits by institutionalized persons. 42 U.S.C. §1997e's new provision is as follows:

> (e)   Limitation on recovery
> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. §1997e(e).

Plaintiff herein alleges no physical contact or physical injury. In the first paragraph of his complaint, he claims only "mental anguish . . . due to the negligent actions of a Case Manager

3

employed at the institution." Accordingly, under current law, because Plaintiff herein seeks for a mental and/or emotional injury without a prior showing of physical injury, he may not properly maintain this lawsuit. *See Randall v. Pitzer*, 23 Fed.Appx. 532 (6th Cir. 2001) (unpublished); *Jennings v. Mitchell*, 93 Fed.Appx. 723 (6th Cir. 2004) (unpublished); *see also Zehner v. Trigg*, 952 F.Supp. 1318 (S.D. IN 1997) (because there was not yet any physical injury from asbestos in the air, the case requires dismissal).

Most recently, a panel of the United States Court of Appeals for the Sixth Circuit addressed the treatment of prisoners' claims for only mental or emotional injury, since the PLRA imposed 42 U.S.C. 1997e(e). In *Taylor v. Federal Bureau of Prisons*, Pikeville No. 05-CV-041-KKC, another inmate Donald Lynn Taylor, who was incarcerated at a different federal prison in Kentucky, sought damages from the United States under the FTCA and from BOP employees under 28 U.S.C. §1331. This Court, the Honorable Karen K. Caldwell presiding, dismissed the complaint *sua sponte* after screening on several grounds, one being that damages for prisoners' emotional distress or mental anguish are recoverable only upon a showing of physical injury, under §1997e(e).

On appeal of this Court's dismissal, in *Taylor v. United States*, 2005 WL 3528920 (6th Cir. December 21, 2005) (not recommended for publication), the appellate court noted that "the majority of courts hold §1997e(e) applies to *all* federal prisoner lawsuits," the court in this circuit citing cases arising in the Second, Third, Eighth, Tenth, and D.C. Circuits and observing that the Sixth Circuit had not yet ruled on the issue. *Id.* at *3. The appellate court did not have to reach the issue in *Taylor*, however, as the prisoner had failed to exhaust his administrative remedies and dismissal on this ground was affirmed instead.

This Court is of the opinion that, consistent with the statute, the intent of Congress, and the majority of circuit courts, dismissal of the instant action is required pursuant to 42 U.S.C. §1997e(e).

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that the instant cause of action be **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the United States.

This 18th day of January, 2006.

Signed By:
David L. Bunning
United States District Judge